**Samuel L. GUY, Plaintiff,**

v.

**CITY OF WILMINGTON,
et al., Defendants.**

**Civil Action No. 95–425 LON.**

United States District Court,
D. Delaware.

Dec. 10, 1996.

Samuel L. Guy, pro se, Wilmington, Delaware, for Plaintiff.

William J. Rhodonda, Jr., of City of Wilmington Law Department, Wilmington, Delaware, for Defendant City of Wilmington.

Gregg E. Wilson, of State of Delaware Department of Justice, Wilmington, Delaware, for Defendant State of Delaware Department of Justice.

## OPINION

LONGOBARDI, District Judge.

Today, this Court must consider for the third time whether this case should be dismissed based on Plaintiff's failure to prosecute this action and on Plaintiff's failure to comply with Court orders. Because Plaintiff has consistently and willfully ignored the deadlines imposed by this Court, Plaintiff's complaint will be dismissed.

## I. FACTUAL BACKGROUND

On June 28, 1995, Plaintiff, who is an attorney representing himself, filed a complaint against the City of Wilmington ("City"), the State of Delaware Department of Justice and the Public Defenders Office alleging discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Constitution. (Docket Item "D.I." 1). The City filed an answer to the complaint (D.I. 3), and the Delaware Department of Justice and the Delaware Public Defender's Office (collectively "State Defendants") filed a motion to dismiss. (D.I. 4). That motion to dismiss was considered a response to the complaint and was dismissed without prejudice under this Court's Standing Order No. 1. (D.I. 6).

On September 20, 1995, this Court issued an Order for Plaintiff to appear and show cause why his case against the State Defendants should not be dismissed. (D.I. 7). At a show cause hearing held on September 27, 1995, Plaintiff was informed that the hearing was convened because Plaintiff had not returned defense counsel's phone calls and was not being cooperative about entering into a briefing schedule for the motion to dismiss. (D.I. 10 at 2). The Court communicated to Plaintiff his responsibilities in this regard. (D.I. 10 at 5).

The dialogue at the show cause hearing then turned to a discussion of Plaintiff's complaint. There was substantial confusion about the various legal theories under which Plaintiff was seeking redress. The Court therefore agreed to allow Plaintiff the opportunity to file a motion to amend his complaint:

THE COURT: ... If you want to amend your complaint, as I said about ten minutes ago, when can you get your amendment into the Court?

MR. GUY: I guess 20 days should be sufficient.

THE COURT: Okay. I am going to give you twenty days to amend, you have the amendment in.

(D.I. 10 at 16). The Court then discussed a briefing schedule for the motion to amend and the motion to dismiss.

In an Order dated September 29, 1995, the Court established the following briefing schedule:

1. Plaintiff is permitted to file a motion to amend his complaint. Such motion shall be served on opposing counsel no later than October 17, 1995.

2. Defendants shall serve briefs in opposition to Plaintiff's motion to amend no later than October 31, 1995. The State defendants shall include in their brief legal and factual support for their motion to dismiss. The brief shall not exceed 25 pages. Assuming affidavits are attached in support of Defendants' motion to dismiss, the motion to dismiss will be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b) and Fed.R.Civ.P. 56(e).

3. Plaintiff shall serve a rebuttal brief supporting the motion to amend and opposing defendants' motion to dismiss no later than December 11, 1995. The brief shall not exceed 25 pages.

4. Defendants shall serve a rebuttal brief regarding the motion to dismiss no later than December 21, 1995. The brief shall not exceed 7 pages.

5. The motions and briefs, having been served between the parties as described above, shall be filed with the Court as a package by the State defendants no later than December 21, 1995.

(D.I. 9).

Instead of serving the motion to amend his complaint by October 17, 1995, Plaintiff waited until October 24, 1995. Even though Plaintiff's submission was served late, Defendants' brief was timely served on October 31, 1995. Plaintiff was then required to serve a rebuttal brief supporting the motion to amend and opposing defendants' motion to dismiss no later than December 11, 1995. On December 18, 1995, when Plaintiff had failed to serve his rebuttal brief, Defendants submitted the briefing package as it then existed. (Correspondence from State Defendants dated December 18, 1995).

Finally, on December 21, 1995, the State Defendants received Plaintiff's two-page "Response to All Defendants' Motions and Briefs." Although the State Defendants urged that this response be stricken from the record, the State Defendants forwarded the response to the Court. The State Defendants reported that there was no need to reply to Plaintiff's response. (Correspondence from State Defendants dated December 18, 1995).

The State Defendants moved to dismiss Plaintiff's proposed amended complaint on several grounds, one of which was Plaintiff's failure to prosecute. In a Memorandum Opinion dated September 30, 1996, this Court declined to dismiss the complaint for failure to prosecute. Applying the six-part test enunciated by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir.1984), this Court found that "the factors of personal responsibility, history of dilatoriness and meritoriousness all weigh in favor of dismissing the case." (D.I. 17 at 12). On the other hand, the factors of prejudice and willfulness weighed against dismissal, while the alternative sanctions inquiry was "essentially neutral." (D.I. 17 at 12). This Court identified several factors that prevented the imposition of the extreme sanction of dismissal:

Three factors tip the balance against dismissal. First, this case is still young. Although the case has been marked by delay caused solely by Plaintiff, the pattern is not as long-lived as many of those cases in which dismissal of an action has been affirmed. *See, e.g., Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir.1992). Second, Defendants have suffered no real prejudice. This was found to be persuasive in *Adams*, 747 F.2d at 873–74, 878. Finally, Plaintiff's behavior may be negligent rather than willful. Absent willful conduct and prejudice to Defendants, it is difficult to justify dismissal as an appropriate sanction. Nevertheless, Plaintiff should consider the care with which this Court has considered Defendants' arguments regarding the failure to prosecute as an admonition: *continued delays will not be tolerated. They will be interpreted as a willful disregard for the authority of this Court.*

(D.I. 17 at 12) (emphasis added). This Court did dismiss all of the claims against the State, except for the Title VII claim against the Department of Justice, however. The claims against the City were not dismissed.

In the Order accompanying the Memorandum Opinion, this Court ordered Plaintiff to file an amended complaint no later than October 15, 1996. The Court admonished, "Any failure to comply with this deadline will be deemed to be a willful violation of this Order." On October 30, 1996, the Delaware Department of Justice once again moved to dismiss the Plaintiff's case for failure to prosecute. Through correspondence dated November 4, 1996, the City adopted the position of the Department of Justice. Plaintiff's answering brief was due on November 13, 1996. It is now December. Plaintiff still has not filed his amended complaint, and no brief in opposition to the motion to dismiss has been received.

## II. *DISCUSSION*

■ Under Federal Rule of Civil Procedure 41(b), a defendant may move for the dismissal of the action or of any of a plaintiff's claims if a plaintiff fails to prosecute the action or to comply with the rules of civil procedure or of the court. There are six factors that must be considered in deciding a motion under Rule 41(b):

(1) the personal responsibility of the plaintiff; (2) prejudice to defendants; (3) a history of dilatoriness; (4) the willfulness or bad faith of the plaintiff's conduct; (5) the adequacy of sanctions less drastic than dismissal; and (6) the meritoriousness of the plaintiff's claims.

*United States v. USX Corp.,* 68 F.3d 811 (3d Cir.1995) (citing *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 870 (3d Cir.1994)). Because Plaintiff is an attorney representing himself in this matter, he has independent knowledge of the delinquency that could be grounds for dismissal. Due to this knowledge, and because Defendants clearly raised the issue of dismissal under Fed.R.Civ.P. 41(b), Plaintiff has no right to notice and a hearing prior to dismissal. *Adams,* 29 F.3d at 872. Consideration of the applicable six-factor test is therefore appropriate at this time.

The six-factor balancing test originated in the case of *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir.1984). Prior to enunciating the factors to be considered, the court stressed that dismissals with prejudice were extreme, drastic sanctions. *Id.* at 867–68. That admonition weighs heavily in analyzing whether to dismiss this case.

■ The first factor to be considered is the extent of the party's personal responsibility. There can be no question that Plaintiff's violations of this Court's Orders of September 29, 1995, and November 30, 1996, rest solely on Plaintiff's shoulders. As a member of our distinguished Delaware bar, he is charged with a knowledge of the law and court procedures. He has had personal notice of all of the deadlines in this case; still he has not complied. This court finds as fact, as it has before, that Plaintiff is fully responsible for his failure to prosecute this action and his delinquency in following the orders of this Court.

■ The second factor is prejudice to Defendants. Defendants concede that they have not been severely prejudiced by Plaintiff's conduct. Rather, Defendants argue that Plaintiff's conduct has adversely impacted the progress of the case and the effective administration of justice. This Court agrees. Public resources are being drained by Plaintiff's consistent violation of the Orders of this Court. The State and City, not to mention this federal court, have allocated resources to the task of addressing Plaintiff's omissions rather than his claims. This case was filed nearly eighteen months ago, yet discovery has hardly begun. The Court finds that Defendants have not been prejudiced in their defense by the actions of Plaintiff but that the administration of justice has suffered tremendously.

■ The third question is whether there has been a history of dilatoriness. In the Memorandum Opinion of September 30, 1996, this Court made the following finding of fact:

The limited history of this case is punctuated by Plaintiff's delays. The Court ordered a show cause hearing due to the Plaintiff's decision not to communicate with counsel for Defendants. Then, when the Court established a schedule, Plaintiff violated every deadline provided. Al-

though the relevant inquiry regarding a history of dilatoriness revolves around the particular case in issue, the Court does note that Plaintiff has had an appeal dismissed for failure to prosecute in the Supreme Court of Delaware. *In re Guy,* 616 A.2d 1213 (Del.1992). The Court finds as fact that the limited history of this case has featured numerous delays caused by Plaintiff.

The further progress of this case has featured even more delays. Having won his motion to amend, Plaintiff was given the responsibility to file his amended complaint no later than October 15, 1996. This he did not do. Then, when Defendants moved to dismiss Plaintiff's complaint for failure to prosecute, Plaintiff did not even respond. Plaintiff has consistently ignored the deadlines provided by this Court. Indeed, this Court has been unable to locate a single instance in the history of this case in which Plaintiff met a court-imposed deadline. In *Poulis,* 747 F.2d at 868, the Court of Appeals reasoned that time limits set by rule and by the Court "serve an important purpose for the expeditious processing of litigation" and that a "history by counsel ignoring these time limits is intolerable." In sum, there has been a persistent pattern of dilatoriness which can no longer be tolerated.

■ Fourth, the Court must consider whether Plaintiff's conduct was willful or in bad faith. At the show cause hearing, this Court assumed a lack of bad faith. In the Memorandum Opinion of September 30, 1996, this Court again found that there was no evidence of bad faith. The Court noted, "It is not yet clear that Plaintiff is acting intentionally rather than negligently. With each violation, however, it becomes more likely that Plaintiff is deliberately choosing to violate the orders of this Court." Then, in both the Memorandum Opinion and in the accompanying Order, Plaintiff was warned that continued violations of the orders of this Court would be deemed to be willful. Specifically, in the Memorandum Opinion, this Court warned that "Plaintiff should consider the care with which this Court has considered Defendants' arguments regarding the failure to prosecute as an admonition: continued delays will not be tolerated. They will

be interpreted as a willful disregard for the authority of this Court." In the Order, this Court wrote, "Plaintiff shall file his proposed amended complaint as an amended complaint no later than October 15, 1996. Any failure to comply with this deadline will be deemed to be a willful violation of this Order." Ignoring these warnings, Plaintiff disregarded the deadline and again violated an Order of this Court. Indeed, Plaintiff has neither met his obligation to file an amended complaint nor filed an answering brief contesting Defendants' motion. This Court must conclude that Plaintiff is willfully and deliberately ignoring the Orders of this Court.

■ The fifth factor is whether alternative sanctions would be effective to cure the delinquency. Plaintiff has failed to meet every deadline imposed in this case. It is clear to the Court that any alternative sanction imposed will be ineffective in changing Plaintiff's behavior. In its first Memorandum Opinion, this Court discussed possible alternative sanctions and found them wanting. Because this case involves an attorney who is prosecuting his own case in a dilatory manner, the sanction of dismissal is more appropriate here than in cases where the delay of an attorney would result in the dismissal of his client's case. Alternative sanctions simply would not be sufficient.

■ Finally, dismissal has been held to be more appropriate as a sanction when Plaintiff's case is not meritorious. A claim is meritorious when the allegations of the complaint would support recovery if those allegations were proven at trial. *Poulis,* 747 F.2d at 869–70. The claims that remain in this case have been tested by a motion to dismiss and have survived. As a consequence, they must be considered meritorious.

■ This Court is charged with weighing the above factors to assure that the extreme sanction of dismissal is restricted only to appropriate cases. *Poulis,* 747 F.2d at 870. Not all of the factors need to be met for dismissal to be warranted. *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir.1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989). Plaintiff has consistent-

ly and willfully violated the orders of this Court. As both party and lawyer, he is fully responsible for those violations. Although Defendants have not been greatly prejudiced by this pattern of delay, Plaintiff's infractions of the orders of this Court have cost the city, state, and nation valuable resources. Although reaching the merits of any dispute is the goal of our justice · system, that goal cannot be achieved when parties deliberately choose to flout the rules and orders necessary to the efficient and expeditious disposition of our cases. Plaintiff has been warned twice before of the potential consequences of his lack of diligence. The second warning came little over a month ago when this Court issued a Memorandum Opinion addressing his consistent pattern of delay. Plaintiff not only chose to ignore that warning, but also the subsequent orders of this Court. The result will be the dismissal of his complaint. No other reasonable alternative exists. To allow the persistent and willful disregard of Court Orders would denigrate the civil justice process and the integrity of this Court.

### III. CONCLUSION

Plaintiff is personally and fully responsible for a willful and consistent pattern of dilatoriness. Although this pattern has not prejudiced defendants, it has consumed resources that could have been much better spent on reaching the merits of this dispute. Delay produces other insidious consequences, not the least of which is the frustration of the innocent party's legitimate expectation of a day in court within a reasonable time. This Court has considered the adequacy of sanctions less drastic than dismissal and has found them wanting. Moreover, the meritoriousness of Plaintiff's claims will not prevent this case from being dismissed. Plaintiff's deliberate pattern of reckless disregard for the orders and rules of Court compels the ultimate sanction of dismissal.