**William M. HARAWAY, Jr., Plaintiff,**

v.

**NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC.; Gary Nelson; Roush Industries; and Jack Roush, Defendant.**

National Association For Stock Car Auto Racing, Inc., Counterclaimant,

v.

**William M. Haraway, Jr., Counterdefendant.**

**No. CIV.A.98–522–KAJ.**

United States District Court, D. Delaware.

Jan. 28, 2003.

Samuel D. Brickley II, Esquire, Connolly, Bove, Lodge & Hutz LLP, Wilmington, Delaware; Jason D. Voight, Keil & Weinkauf, Washington, DC; counsel for plaintiffs.

Jack B. Blumenfeld, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; Patrick J. Flinn, Esquire, Angela Payne James, Esquire, Alton & Bird, LLP, Atlanta, Georgia; counsel for defendants.

## MEMORANDUM OPINION

JORDAN, District Judge.

### I. INTRODUCTION

The Court must decide whether a dormant civil action should be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b) and Rule 41.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. Defendants National Association For Stock Car Auto Racing, Inc. ("NASCAR"), Gary Nelson, Roush Industries, and Jack Roush moved to dismiss plaintiff's complaint (D.I. 1) for want of prosecution (D.I. 91, 93) and, defendants NASCAR and Gary Nelson requested sanctions (D.I. 91).[1] These motions are before the Court nearly four and one-half years after plaintiff William M. Haraway, Jr., alleged that the defendants were infringing his invention as described and claimed in U.S. Patent No. 5,454,619 (issued Oct. 3, 1995). (D.I. 1.)

### II. BACKGROUND

On September 9, 1998, plaintiff filed his complaint in this action. (D.I. 1.) On November 23, 1998, defendant NASCAR filed an answer and counterclaim, as well as a motion for summary judgment of noninfringement. (D.I. 9, 13.) Defendant Nelson, on the same day, filed a motion to dismiss for improper venue. (D.I. 11). These motions have been fully briefed. (D.I. 18, 19, 29, 30.) Defendants Roush and Roush Industries, also on December 23, 1998, filed motions to dismiss for lack of personal jurisdiction and improper venue. (D.I. 22, 24.) Thereafter, on January 25, 1999, plaintiff filed an answering brief to Roush Industries' motion to dismiss. (D.I. 41.) Roush's motion to dismiss, however, remains unopposed. (*See* D.I. 42.)

The Court, in a January 12, 1999 Scheduling Order, set trial in this case on an expedited basis for September 13, 1999. (D.I. 32.) Pursuant to that order, the parties began discovery. (*Id.*) Discovery was scheduled to close on June 30, 1999. (*Id.*) On February 26, 1999, NASCAR duly noticed the plaintiff's deposition for Tuesday, March 30, 1999 at 9:30 a.m. in Washington, D.C., approximately 180 miles from plaintiff's residence.[2]

---

1. Defendants Roush Industries and Jack Roush filed a separate motion to dismiss (D.I. 93) that incorporated by reference defendants NASCAR and Gary Nelson's motion (D.I. 91).

2. Plaintiff is a resident of Hampton, Virginia.

(Decl. of Patrick J. Flinn ¶ 4, Ex. B to D.I. 92 ("Flinn Decl."); Decl. of Jason D. Voight ¶ 4, Ex. 1 to D.I. 96 ("Voight Decl.").) Patrick J. Flinn, counsel for defendants NASCAR and Nelson, traveled from Atlanta, Georgia, to take the deposition. (Flinn Decl. at ¶ 5.) Prior to this date, the parties discussed changing plaintiff's deposition date due to concerns expressed by plaintiff. (Voight Decl. at ¶¶ 4, 6–7; D.I. 96 at 3–5.) The parties, however, were unable to reach agreement and the deposition was not re-scheduled. (*Id.*) Regardless, plaintiff failed to appear for his deposition. (Flinn Decl. ¶ 6; Voight Decl. at ¶ 7.) NASCAR incurred attorneys' fees and costs in relation to the aborted March 30, 1999 deposition. (Flinn Decl. at ¶ 7.)

In a conference call on April 1, 1999, plaintiff informed the Court that his relationship with his attorneys had become untenable and he requested time to find alternative counsel. (D.I. 59 at 10.) The Court accommodated plaintiff on this and other occasions.[3] (*Id.* at 12.) Plaintiff, to date, has not retained alternative counsel. (D.I. 96 at 1.) He has, however, regularly updated the Court as to his efforts in that regard.[4] Plaintiff's present counsel do not wish to represent him further in pursuing this action on the merits. (*Id.* at 2.)

Plaintiff states that he does not oppose dismissal but asserts that dismissal should be without prejudice and that sanctions should not be entered against him for failing to appear at his March 30, 1999 deposition.[5] (*Id.* at 12–16.) Counsel for the defendants argues strenuously that dismissal without prejudice is improper, particularly since plaintiff has indicated an intention to refile the same suit in another jurisdiction. (D.I. 96 at 10.) Thus far, the Court has imposed no deadline at which a dismissal with preju-

dice would result if plaintiff has failed to move the case forward.

## III. ANALYSIS

### A. *Motion To Dismiss For Failure To Prosecute*

The Federal Rules of Civil Procedure provide that "[f]or failure of the plaintiff to prosecute ..., a defendant may move for dismissal of an action...." FED. R. CIV. P. 41(b). Unless the Court specifies otherwise, a dismissal under Rule 41(b) "operates as an adjudication ... upon the merits." District of Delaware Local Rule 41.1, the counterpart to Rule 41(b) provides as follows:

> All cases are reviewed periodically as to status by the judge to whom they are assigned, and counsel shall be required to explain any delay.... [I]n each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice, enter an order dismissing such case unless good reason for the inaction is given. An application for a continuance shall not be deemed to be action precluding such dismissal. After any such application or notice from the Court, no application for a continuance or any proceeding taken under the discovery rules shall be deemed to toll the application of this Rule.

*Id.* Plaintiff is not entitled to a hearing or notice prior to a dismissal pursuant to Rule 41(b). *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863 (3d Cir.1994)

The Third Circuit in *Poulis v. State Farm Fire and Casualty Company,* addressed the appropriateness of a dismissal with prejudice within the framework of a six part equitable test. 747 F.2d 863, 867–70 (3d

(D.I. 1.)

---

**3.** The Court was made aware of plaintiff's status through conference calls on April 1, 1999; April 26, 1999; May 27, 1999; July 6, 1999; August 9, 1999; and November 15, 1999. (D.I. 59, 64, 69, 72, 76, 89.) In addition, plaintiff submitted letters to the Court updating his status dated December 29, 1999; January 20, 2000; February 18, 2000; March 15, 2000; April 3, 2000; July 7, 2000; October 16, 2000; January 26, 2001;

April 24, 2001; August 2, 2001; November 20, 2001; and May 30, 2002. (D.I. 77–80, 83–88.)

**4.** *See supra* note 3.

**5.** Plaintiff made his request to dismiss without prejudice by letter dated July 12, 1999 (D.I. 96 at Ex. 2) and reiterated that request in his answer (D.I. 96) to defendants' motions to dismiss and for sanctions (D.I. 91, 93).

Cir.1984). This Court is guided by those principles when deciding a motion to dismiss under Rule 41(b). *See Harris v. City of Philadelphia*, 47 F.3d 1311 (3d Cir.1995); *Adams* 29 F.3d at 863; *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir.1984); *Guy v. City of Wilmington*, 169 F.R.D. 593 (D.Del. 1996); *Emerson v. Thiel College*, 296 F.3d 184 (3d Cir.2002); *Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir.1992). The Court, therefore, will weigh the propriety of a dismissal with prejudice for failure to prosecute against the following six factors as enumerated in *Poulis:* "(1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." *Id.* at 868 (emphasis in original).

The Court is cognizant that each of the *Poulis* factors need not be present or weighed equally in order for an action to be dismissed with prejudice. See *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988); *C.T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir.1988). The Court is also mindful, however, that "dismissal with prejudice or defaults are drastic sanctions" and that "[d]ismissal must be a sanction of last, not first resort". *Poulis* 747 F.2d at 867–68.

### B. *The Parties' Arguments*

Defendants argue under the test set forth in *Poulis* that plaintiff's complaint should be dismissed with prejudice. (D.I. 92 at 8–14.) Defendants characterize the lengthy delay in the case as inexcusable and assert that the delay alone justifies dismissal with prejudice. (*Id.* at 9 (citing 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2370 (2d ed.1995) at 357 n. 28).) Defendants further assert that the remaining five *Poulis* factors also favor dismissal. (D.I. 92 at 10–14.) First, defendants argue that plaintiff is personally responsible for delaying this action by ignoring the Court's re-

peated requests to resolve this matter and to be updated regularly as to the details of his search for counsel. (*Id.* at 10.) The defendants next argue that plaintiff's delay has caused them substantial prejudice including financial costs, damage to reputation, and a denial of the opportunity to resolve this matter quickly as originally contemplated by the parties and the Court. (*Id.* at 11.) Defendants then argue that (1) plaintiff has a history of dilatoriness (*id.* at 12), (2) plaintiff's actions were not undertaken in good faith (*id.*), (3) his case is not meritorious (*id.* at 12–13), and (4) the imposition of other sanctions such as a dismissal without prejudice would do nothing but reward plaintiff by affording him the opportunity to bring his case again (*id.* at 13–14). With respect to sanctions other than dismissal, defendants NASCAR and Nelson argue that plaintiff has no justifiable reason for failing to attend his deposition; therefore, sanctions should be awarded for the expense incurred in relation thereto. (D.I. 92 at 15–16.)

Plaintiff counters these contentions by asserting that delay alone does not merit dismissal and such an approach would be unprecedented because it would deviate significantly from the dictates of *Poulis*. (D.I. 96 at 7.) Plaintiff also notes that dismissal with prejudice is a drastic action, supported by case law only when a party has persistently ignored Court imposed deadlines. (*Id.* at 7–8.) Since the Court has imposed no deadline by which he must obtain counsel, argues plaintiff, dismissal is unwarranted. (*Id.* at 8.) Plaintiff then addresses the remaining *Poulis* factors by arguing that responsibility for the delay, prejudice to the defendants, history of dilatoriness, and bad faith on the part of plaintiff do not weigh in favor of a dismissal with prejudice. (*Id.* at 8–11.) In particular, plaintiff argues that much of the delay and prejudice averred by defendants as producing a history of dilatoriness and bad faith were not solely his responsibility, since the defendants and the Court actively assisted in the chain of events that led to the protracted nature of these proceedings. (*Id.*) Plaintiff then concludes his argument by asserting that his case is meritorious and that *Poulis* requires the Court to consider

other sanctions such as resuming the case or dismissing the case without prejudice, both of which plaintiff has stated are appropriate. (*Id.* at 11–13.)

Plaintiff resists the imposition of any sanctions, arguing that the expenses incurred by the defendants was within the normal course of preparing for the case; therefore, no sanctions should be imposed. (D.I. 96 at 13–15.) In addition, asserts plaintiff, his failure to attend was substantially justified; thus, not warranting an award of sanctions. (*Id.*) Furthermore, argues plaintiff, any costs incurred by defendants as a result of the delay encountered in this case are not a result of his failure to attend the March 30, 1999 deposition; therefore, the Court should not sanction him for these costs. (*Id.*)

### C.  *The Court's Decision*

■ The Court agrees with plaintiff that, at this stage, dismissal with prejudice is inappropriate. Plaintiff is largely responsible for the delay in this case but he is not solely responsible. Although plaintiff failed to appear at his deposition, he actively participated in numerous status conferences to update the Court and, in addition, supplied the Court with several letters addressing his problems. In response, defendants urged the Court for more interdiction but, ultimately, waited until recently to file motions to dismiss with prejudice. Neither the Court nor defendants have pressed for resolution as vigorously as they might have. Moreover, there appears to be no willful misconduct or bad faith on plaintiff's part, other than, perhaps, his failure to appear for his deposition. The alternative of a strict compliance deadline and monetary sanctions have not yet been imposed on plaintiff. Finally, given the scant discovery in the case, the Court is unable to determine the meritoriousness of plaintiff's claim.

The preceding conclusions, however, should not be taken as acquiescence by the Court in plaintiff's conduct. Plaintiff is admonished for his delay in obtaining counsel and otherwise delaying this case. Even though dismissal of this action may finally be required, the Court will not take that step without first imposing on plaintiff stricter compliance deadlines.

■ As to sanctions for plaintiff's dereliction in discovery, the Court agrees with defendants that sanctions are warranted under Rule 37(d). Sanctions for failing to appear at a properly noticed deposition are clearly provided for under the Federal Rules of Civil Procedure. FED. R. CIV. P. 37(d). Specifically, Rule 37(d) provides that if a party fails to appear at a deposition after being properly noticed "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Id.*

No rule of law requires the Court to have issued an order compelling the witness's attendance at the deposition before sanctions may be awarded under Rule 37(d). *See Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 301–02 (3d Cir.2000). In fact, courts have readily awarded sanctions against individuals who have in some measure complied with Rule 37(d) but have violated the basic requirement of the Rule to cooperate in discovery. *See, e.g., Black Horse*, 228 F.3d at 299–305 (holding that one who physically appears at a deposition may, notwithstanding the literal language of Rule 37(d), be sanctioned for a lack of cooperation tantamount to a failure to appear). Accordingly, the Court will award defendants NASCAR and Nelson attorneys' fees and costs in an amount commensurate with reasonable expenses resulting from plaintiff's failure to appear at his March 30, 1999 deposition.[6]

---

6. Defendants NASCAR and Nelson assert that they incurred $20,650.83 in unnecessary fees and costs in relation to the March 30, 1999 deposition of plaintiff. (Flinn Decl. at ¶ 7.) While both NASCAR and Nelson moved for sanctions, the declaration of their counsel refers specifically only to NASCAR. (*Id.*) Nevertheless, the award of sanctions is made in the name of both the moving defendants. The Court has reviewed the documentation submitted by defendants in support of this figure and will award as sanctions fees and costs of $13,534.33, which is the sum of the $1,211.33 in costs claimed by those defendants plus $12,323 in fees. The reduction in the

The sanction is to be paid by plaintiff, not his counsel.

## IV.  CONCLUSION

For the reasons stated, *supra*, the Court will deny the motions of defendants NAS-CAR, Gary Nelson, Roush Industries, and Jack Roush (D.I. 91, 93) with regard to dismissal of this action with prejudice but will grant defendants NASCAR and Nelson's motion (D.I. 91) with regard to sanctions in the amount of $13,534.33, pursuant to Rule 37(d), for plaintiff's failure to appear at his March 30, 1999 deposition.  An appropriate order will issue.  A scheduling order shall be entered in this matter and strict compliance with the dates therein will be required of all parties.  Further failure by plaintiff to prosecute this action will result in dismissal with prejudice.

fee calculation is due largely to the Court's reducing several time entries by Mr. Kent, since the Court believes that a substantial portion of Mr. Kent's preparatory research is or should have been memorialized in a fashion that would allow it to be readily used again, without the necessity of a full repeat of the time required to do the research in the first instance.