Eric **MOULTRIE**, Appellant,

v.

**LUZERNE COUNTY PRISON; Col. Piethouski; Sgt. John Doe; Lieutenant Col. Lynch; Dr. John Doe; Nurse John Doe.**

No. 07–3215.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 19, 2008.

Filed April 7, 2008.

Eric Moultrie, Greensburg, PA, pro se.

Sean P. McDonough, Dougherty, Leventhal & Price, Moosic, PA, for Luzerne County Prison and Col. Piethouski.

Before: SLOVITER, BARRY and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Plaintiff, Eric Moultrie, an inmate at the State Correctional Institute in Greensburg, Pennsylvania, appeals from the District Court's dismissal of his complaint against various prison officials filed pursuant to 42 U.S.C. § 1983. Moultrie's complaint alleges constitutional violations arising from the use of excessive force by a correctional officer, which occurred after Moultrie became involved in an argument and altercation with another inmate. He also alleges that prison staff were deliberately indifferent to his medical needs that arose from the incident, in violation of the Eighth and Fourteenth Amendments.

On May 7, 2007, Defendants filed a Motion for Summary Judgment to which Moultrie failed to respond. By Order of June 18, 2007, the District Court directed Moultrie to file a Brief in Opposition and Counter–Statement of Facts to Defendants' Motion within twenty days. The Order warned Moultrie that the Court would dismiss the case under Federal Rule of Civil Procedure 41(b) if he failed to comply with the Court's directive and that any appeal of the Order would be deemed frivolous. Moultrie did not comply with the Court's Order within the required time period, nor did he request an extension of time in which to submit the required briefing. Consequently, the Court dismissed his case for failure to prosecute and failure

to comply with the Court's Order. *See* Fed.R.Civ.P. 41(b). By orders dated July 26, 2006, 2006 WL 2092574, and May 21, 2007, 2007 WL 1490611, the Court also denied Moultrie's motions for appointment of counsel. Moultrie filed a timely notice of appeal.

We review the District Court's Order dismissing the case for abuse of discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir.2002). "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Id.* We have emphasized that dismissal is "extreme," and therefore "must be a sanction of last, not first, resort." *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 869 (3d Cir.1984).

Prior to the dismissal of an action, to effectuate our review of whether dismissal was proper, we require that the District Court make explicit findings regarding the factors enumerated in *Poulis. See Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir.1987); *see also United States v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir.2003) ("We have opined that [the *Poulis* factors] must be weighed by a district court in determining whether the harsh sanction of dismissal is justified"). The *Poulis* factors that the District Court must consider are:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party ... was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim.

*Poulis,* 747 F.2d at 868 (emphasis in original).

On appeal, this Court must determine whether the District Court properly balanced the *Poulis* factors and whether the record supports its findings. *Livera v. First Nat'l State Bank of N.J.,* 879 F.2d 1186, 1194 (3d Cir.1989) (citing *Hicks v. Feeney,* 850 F.2d 152 (3d Cir.1988)); *see also Emcasco,* 834 F.2d at 74 (noting that "[i]n order that we may properly exercise our function of reviewing for abuse of discretion, we have [ ] required the district court to make explicit findings concerning the factors it must consider in rendering judgment by ... dismissal").

Here, the District Court neither cited *Poulis* nor evaluated the history of this case in light of the *Poulis* factors before dismissing pursuant to Rule 41(b). Appellees rely on *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 220 (3d Cir.2003), to argue that dismissal is warranted despite the District Court's failure to expressly apply *Poulis.* In *Ware,* the Court noted that each factor of *Poulis,* "need not be satisfied for the trial court to dismiss a claim." *Id.* at 221 (citation omitted). However, in *Ware,* the district court explained its findings with regard to each of the six *Poulis* factors, and based its conclusion on a balance of those findings. *Id.* at 222. Although we allowed in *Ware* that not every factor need be satisfied, we nonetheless observed that each factor "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." *Id.* at 221–22 (citation omitted); *see also $8,221,877.16 in U.S. Currency,* 330 F.3d at 162 (explaining that "we have always required consideration and balancing of *all six* of the factors, and have recommended the resolution of any doubts in favor of adjudication on the merits").

Appellees concede that the District Court made no express finding on the second factor regarding prejudice, nor the sixth factor regarding the meritoriousness of Moultrie's claim.[1] And although the District Court's order can be read to cursorily address factor number three, Moultrie's history of dilatoriness, the Court makes no explicit finding as to factors one and four, his personal responsibility and willfulness in failing to prosecute his claim, and fails to conduct the required analysis of factor five, alternative sanctions. Because the District Court did not explain its findings with regard to any of the six *Poulis* factors, or conduct the requisite balancing, we must conclude that the District Court erred in dismissing Moultrie's complaint. *See Livera,* 879 F.2d at 1194. Given the record presented, we will forego the opportunity to conduct our own *Poulis* test as it would require factual findings outside the parameters of our review. *See id.*

By failing to conduct the *Poulis* balancing test, the District Court abused its discretion; therefore, a remand to the District Court for consideration of the *Poulis* factors is required. *See id.* at 1188; *see also $8,221,877.16 in U.S. Currency,* 330 F.3d at 162 (remanding so that district court could consider two factors it had not considered, rather than re-balancing all factors at appellate stage). Accordingly, we will vacate the District Court's order entered July 13, 2007, and remand the case to the District Court for further proceedings. On remand, the District Court may consider whether the matter may be ripe for summary judgment on, at least, the deliberate indifference claim, in light of Nurse Burke's affidavit.

Finally, Appellant challenges the District Court's denials of his motions for the appointment of counsel, which we review for abuse of discretion. *See Tabron v. Grace,* 6 F.3d 147, 158 (3d Cir.1993). Both of the District Court's memoranda denying Moultrie's motions for appointment of counsel identify and analyze the relevant *Tabron* factors and we cannot conclude at this stage in the proceedings that its denials constitute an abuse of discretion. However, if the District Court concludes on remand that dismissal of Moultrie's complaint is unwarranted, the Court should also reconsider its denial of Moultrie's motions for appointment of counsel.

---

1. We note that evidence in the record is relevant to the sixth factor of the *Poulis* analysis, as well as the merits of one or more of Moultrie's claims. For example, with regard to the deliberate indifference claim, Defendants have submitted the uncontradicted affidavit of Nurse John Burke who chronicles the medical treatment that Moultrie received subsequent to his altercation with another inmate.