

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2002

# Emerson v. Thiel College

Precedential or Non-Precedential: Precedential

Docket No. 01-1699

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Emerson v. Thiel College" (2002). *2002 Decisions.* Paper 384.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/384

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed July 10, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-1699

JOHN M. EMERSON,
        Appellant

v.

THIEL COLLEGE; RICK BROWN;
RICK BROWN CONCRETE & MASONRY COMPANY;
MARTHA HARTLE MUNSCH; JOAN HEALD;
C. CARLYLE HAAYLAND; NANCY SEDERBERG;
GERALDINE MOORE; BRUCE ARMITAGE;
BONNIE MCCLAIN; JOYCE KEENAN; TIM ZGONC;
MARY JO YUSKO-HOWSER; SUSAN BRECKENRIDGE;
JUDY NEWTON; TOM NICHOLS; SHERRY LYNN COWAN;
MERVIN NEWTON; MARK DELMARAMO;
EMERSON HEALD; LINDA KAHLER; FRANK CONNELY

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 98-cv-00227E)
District Judge: Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2002

BEFORE: RENDELL, ALDISERT and GREENBERG,
Circuit Judges

(Filed: July 10, 2002)


        John M. Emerson (Pro Se)
        124 Fifth Avenue
        Corry, PA 16407
        Martha H. Munsch, Esq.
        Reed, Smith
        435 Sixth Avenue
        Pittsburgh, PA 15219
         Counsel for Appellees Thiel College,
        Martha Hartle Munsch,
        Joan Heald, C. Carlyle Haayland,
        Nancy Sederberg, Geraldine Moore,
        Bruce Armitage, Bonnie McClain,
        Joyce Keenan, Tim Zgonc,
        Mary Jo Yusko-Howser,
        Susan Breckenridge, Judy Newton,
        Tom Nichols, Sherry Lynn Cowan,
        Mervin Newton, Mark Delmaramo,
        Emerson Heald, Linda Kahler, and
        Frank Connely

Louis C. Long, Esq.
Meyer, Darragh, Buckler, Bebenek
& Eck
2000 The Frick Building
Pittsburgh, PA 15219
Counsel for Appellees Rick Brown
and Rick Brown Concrete &
Masonry Company

2

OPINION OF THE COURT

PER CURIAM:

Appellant John M. Emerson, proceeding pro se, appeals
the order of the District Court dismissing his complaint
against Thiel College ("Thiel"), Rick Brown Concrete &
Masonry Company, an outside contractor for Thiel (the
"Masonry Company"), Rick Brown and nineteen other
individuals, including Thiel's former President, Vice
President of Academic Affairs, members of its faculty and
staff and outside legal counsel (the "individual college
defendants"). Emerson alleges violations of Title III of the
Americans with Disabilities Act, 42 U.S.C. SS 12181-12189
(the "ADA"), Section 504 of the Rehabilitation Act of 1973,
29 U.S.C. S 794, and Title VII of the Civil Rights Act of
1964, 42 U.S.C. SS 2000e-2000e-17. For the reasons stated
below, we will affirm.

I.

Emerson enrolled in a five-week summer session at Thiel
in July of 1996. He took a writing course, in which he
received a grade of D+, and a humanities course, from
which he withdrew. In the fall of 1996, Emerson enrolled in
two computer courses, a math course and a public
speaking course. Due to an off-campus injury, Emerson
requested, and Thiel granted, leave to withdraw from his
classes for medical reasons. In January of 1997, Emerson
enrolled in math, computer, English composition and
history courses. He withdrew from all of these courses with
the exception of English composition, which he failed.
Emerson received a grade of A in a one credit swimming
class. At the end of the 1996-1997 school year, Emerson
had earned one credit. Thiel suspended Emerson due to his
failure to make satisfactory academic progress towards
completion of his graduation requirements. Although Thiel
allows suspended students to apply for readmission after
one semester, Emerson did not seek readmission.

Emerson avers in his amended complaint that he suffers
from quadriplegia, neurological impairments and other

3

disabilities. He states that Thiel and his professors failed to

accommodate his disabilities and provide the assistance he needed to succeed in class. Emerson alleges, among other things, that the faculty and staff failed to provide him tutors and notetakers, a desk at the front of the class and help with heavy objects, and that college officials failed to supervise the faculty and staff. He also maintains that Thiel failed to repair its sidewalks and install proper doors and ramps. Emerson seeks declaratory and injunctive relief, including reinstatement at Thiel, and damages.

In January of 1999, the individual college defendants, Rick Brown and the Masonry Company moved to dismiss Emerson's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.1 After receiving a notice of delinquency, on May 26, 1999, Emerson filed the last of his briefs in response to the motions. On August 6, 1999, following a hearing, the District Court granted the motions with respect to the individual college defendants and Rick Brown, and afforded Emerson ten days to replead his claims against the Masonry Company.

Emerson failed to timely file a second amended complaint and the District Court ordered him to do so by October 8, 1999 or show cause why his case should not be dismissed. The Masonry Company also renewed its motion to dismiss. In response to Emerson's statement that he could not read the court's orders due to the type size, on October 29, 1999, the District Court afforded Emerson twenty days to amend his complaint, denied the Masonry Company's motion and directed that all documents be produced in a larger type size. On December 3, 1999, Emerson moved to stay the case until February 7, 2000 because of injuries allegedly sustained in two car accidents. The District Court granted a stay until February 1 and extended its initial discovery and motion deadlines.

On January 20, 2000, the Masonry Company moved the court to set aside the stay and grant its motion to dismiss

_____

1. As discussed below, the District Court ultimately dismissed the complaint against Thiel for failure to prosecute and comply with its orders. Thus, we set forth the procedural history in detail.

4

as Emerson had not amended his complaint in accordance with the October 29 order. On February 9, 2000, Emerson moved to extend the stay until February 16. The District Court held a conference call with the parties and inquired about Emerson's medical condition. Based upon Emerson's statement that he would be able to participate in the litigation, the District Court denied the pending motions and ordered Emerson to file his second amended complaint by March 5, 2000 or it would dismiss the Masonry Company as a party.

Emerson filed a second amended complaint and Thiel

moved to strike it, contending that Emerson improperly sought to replead his claims against the individual college defendants and add new defendants. On May 19, 2000, the Masonry Company moved to dismiss the complaint, contending that Emerson failed to cure the deficiencies in the original complaint. On June 20, 2000, Thiel moved for summary judgment.

Emerson did not respond to the summary judgment motion by the deadline in the case management order. On August 17, 2000, the District Court ordered Emerson to do so by September 11, 2000 and scheduled a hearing for September 14, 2000. On September 14, Emerson moved to stay the action until November 18, 2000 due to an injury. The District Court ordered Emerson to provide a physician's letter confirming his medical condition by October 24, 2000. Emerson moved for an extension of time until November 10, 2000 to respond to the court's order and submitted a hospital discharge summary dated June of 2000. On November 9, 2000, he filed a doctor's certificate stating that he was able to return to work or school on January 2, 2001.

On November 20, 2000, the District Court scheduled a hearing on all pending motions for November 28. Emerson failed to attend. In an order entered on December 15, 2000, the District Court denied Emerson's motions to stay and for an extension of time as moot, granted the Masonry Company's motion to dismiss and granted Thiel's motion to strike the second amended complaint with respect to the individual and new defendants. The District Court sua sponte extended Emerson's time to file a response to Thiel's

summary judgment motion until January 10, 2001, and ordered that it would construe a failure to respond as consent to the relief requested.

On January 17, 2001, Emerson moved to stay the action until February 22, 2001. The District Court ordered oral argument on the motion and on whether the action should be dismissed for failure to prosecute and to comply with its orders. On February 20, 2001, after the hearing, the District Court denied Emerson's motion for a stay and dismissed the complaint against Thiel with prejudice for failure to prosecute. In the alternative, the District Court granted Thiel's motion for summary judgment. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. S 1291.

II.

We first review the District Court's order granting the individual college defendants' and Rick Brown's motions to dismiss for failure to state a claim. Our standard of review is plenary. Menkowitz v. Pottstown Memorial Med. Ctr., 154 F.3d 113, 115 (3d Cir. 1998). A complaint will withstand an attack under Federal Rule of Civil Procedure 12(b)(6) if the

material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery. Id. at 124-25. In dismissing Emerson's claims, the District Court concluded that individuals cannot be held liable under Title III of the ADA, S 504 of the Rehabilitation Act and Title VII of the Civil Rights Act of 1964.

Whether individuals may be liable under Title III of the ADA, which prohibits discrimination in places of public accommodation, is an issue of first impression in the courts of appeals. The statute provides in relevant part that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. S 12182(a)(emphasis added). The regulations

under the statute provide that discrimination is prohibited by any private entity that owns, leases (or leases to) or operates a place of public accommodation, 28 C.F.R. S 36.201(a), and that "private entity" means a person or entity other than a public entity. 28 C.F.R. S 36.104. Thus, the individual college defendants and Brown may be liable under Title III if they own, lease or operate Thiel, a place of public accommodation. See also 28 C.F.R. App. B. S 36.104 (discussing definition of private entity).2

To the extent Emerson contends that the individual college defendants operate Thiel, in Neff v. American Dairy Queen Corp., 58 F.3d 1063, 1066 (5th Cir. 1995), the Court of Appeals for the Fifth Circuit applied principles of statutory construction and construed the term "operate," which the statute does not define, in accordance with its ordinary meaning. The court set forth several dictionary definitions, including "to control or direct the functioning of " and "to conduct the affairs of." Id. Applying these definitions, we hold that the individual college defendants and Brown do not operate Thiel and thus are not subject to individual liability under Title III of the ADA. 3

This result comports with decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA, which prohibit discrimination by employers and public entities respectively. See , e.g., Garcia v. S.U.N.Y. Health Sciences Ctr., 280 F.3d 98, 107 (2d Cir. 2001)(Title II); Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999)(Title I). See also Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000) ("the ADA addresses its rules

_____

2. The parties do not dispute that Thiel is a place of public accommodation.

3. In Neff, the court considered whether an entity had control over the alleged discriminatory denial of access to a place of public accommodation. Id. Neff could be construed as requiring an examination of whether each of the individual defendants had control over the alleged discriminatory denial of accommodations. We do not believe, however, that Congress intended to impose personal liability upon each person involved in Emerson's education. Rather, as stated in Coddington v. Adelphi Univ., 45 F. Supp. 2d 211, 217 (E.D.N.Y. 1999), the institution has the power to make accommodations and thus it operates the place of public accommodation and is the proper defendant.

to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations").

With respect to Emerson's claims under S 504 of the Rehabilitation Act, the Court of Appeals for the Second Circuit, relying upon various district court decisions, has ruled that individuals are not liable under the statute. Garcia, 280 F.3d at 107. We have yet to address this question. We recognize that the Rehabilitation Act and the ADA generally are interpreted consistently. See 28 C.F.R. S 36.103 (incorporating the standards applied under the Rehabilitation Act into Title III).

Section 504 provides in relevant part that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. S 794(a). "Program or activity" is defined in part as all of the operations of a college or university. Id. S 794(b)(2)(A). Section 504 applies to federal financial assistance recipients. United States Dep't of Transp. v. Paralyzed Veterans of America, 477 U.S. 597, 605-06 (1986). It is undisputed that Thiel is the recipient of federal financial assistance. Because the individual defendants do not receive federal aid, Emerson does not state a claim against them under the Rehabilitation Act.4 This result is consistent with decisions finding no individual liability under Title IX of the Education Amendments of 1972, 20 U.S.C. S 1681(a), which prohibits discrimination on the basis of sex by an education program or activity receiving federal funding. See, e.g., Smith v. Metropolitan Sch. Dist., 128 F.3d 1014, 1018-19 (7th Cir. 1997).

---

4. Relying upon language in Paralyzed Veterans, Emerson argues that the individual college defendants may be liable because they are "in a position to accept or reject" funding. See id . at 606. The Supreme Court, however, did not address individual liability in Paralyzed Veterans. It considered whether an entity was a recipient under Section 504.

Finally, the District Court properly granted the motions to dismiss with respect to Emerson's Title VII claims. Title VII prohibits unlawful employment practices by employers. 42 U.S.C. S 2000e-2(a). Emerson does not aver that any of the defendants employed him. In addition, individual employees are not liable under Title VII. Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996)(en banc).5

III.

The District Court dismissed with prejudice Emerson's remaining claims against Thiel for failure to prosecute or to comply with its orders pursuant to Federal Rule of Civil Procedure 41(b). We review such an order for an abuse of discretion. Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994). While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits. Id.

To determine whether the District Court abused its discretion, we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

With respect to Emerson's personal responsibility, the District Court recognized that because Emerson is proceeding pro se, his failure to comply with its orders

_____

5. Because Emerson does not address in his brief the District Court's order dismissing his claims against the Masonry Company and granting Thiel's motion to strike, we will not address that order. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993)(failure to set forth an issue in an appellate brief waives that issue on appeal).

could not be blamed on counsel. The District Court further stated, and the record reflects, that there has been a pattern of a failure to comply with the court's orders based upon unsubstantiated allegations of medical disability resulting from various alleged accidents.

In considering the second Poulis factor, the District Court found that it would be inherently prejudicial to Thiel to allow the case to go to trial without considering its

summary judgment motion. Although it is unclear why the court would not consider Thiel's motion, Thiel argues that it has suffered prejudice because it had to wait six months to file its summary judgment motion due to the stay and eight more months for argument because of Emerson's failures to respond to the motion. We agree that Thiel has been prejudiced by the delays. The District Court was unable to address Thiel's summary judgment motion at its November 28, 2000 hearing due to Emerson's failure to appear and it was necessary to conduct another hearing on February 20, 2001.6

The procedural history of this case reflects continuous dilatoriness, the third Poulis factor, and is set forth above. While Emerson appears to argue that the District Court did not consider his medical problems, the record reflects the contrary. The District Court stayed the case initially without requiring Emerson to substantiate his medical condition. When Emerson sought additional stays, the District Court afforded Emerson the opportunity to submit documentation supporting that he was unable to proceed for medical reasons. Emerson failed to do so.

With respect to whether Emerson's conduct was willful or in bad faith, the District Court was unable to conclude whether Emerson acted in bad faith. The District Court found, however, that Emerson's conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent. The record supports this conclusion.

_____

6. Although Thiel's counsel stated at the February 2001 hearing that Emerson failed to appear for the second day of his deposition and respond to written discovery, Thiel does not contend that it was prejudiced by these failures.

10

The District Court found no effective alternative sanctions to dismissal. It stated that an assessment of attorney's fees was not a serious consideration given Emerson's financial situation. Emerson proceeded in forma pauperis in District Court. We agree that monetary sanctions would not be an effective alternative.

Finally, the District Court concluded that Emerson's allegations with respect to Thiel are facially meritorious. Thiel, however, plead in part that it made numerous accommodations for Emerson. The meritoriousness factor is neutral and not dispositive.

Balancing these factors, we do not find that the District Court abused its discretion in dismissing Emerson's case for failure to prosecute and comply with its orders. Emerson was afforded a stay and numerous extensions of time. He was given the opportunity to substantiate that he was unable to proceed for medical reasons and he failed to do so. Given his behavior over the more than two years that

the case was pending, the District Court had no indication that Emerson would prosecute his case as opposed to seek additional stays.7

Accordingly, we will AFFIRM the District Court's order entered on February 21, 2001.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

_____

7. Based upon this conclusion, we find it unnecessary to address the District Court's alternative ruling granting Thiel's motion for summary judgment.

11