**Rudyanto KOEAN, Petitioner**

v.

**ATTORNEY GENERAL, USA, Respondent.**

No. 06–3581.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Oct. 23, 2007.

Filed: Oct. 29, 2007.

---

Ephraim T. Mella, Philadelphia, PA, for Petitioner.

Robert A. Zauzmer, Office of United States Attorney, Philadelphia, PA, Richard M. Evans, Paul Fiorino, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

BEFORE: FISHER, ALDISERT, and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on a petition for review of a decision of the Board of Immigration Appeals ("BIA") entered June 30, 2006, dismissing an appeal from an order of an immigration judge ("IJ") dated March 31, 2005, denying petitioner Rudyanto Koean's application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("CAT") but granting him voluntary departure. Koean, an Indonesian of Chinese background, contends that his minority status has led and will lead to persecution in Indonesia. The IJ entered his order implementing his oral decision announced following an evidentiary hearing. The IJ found that Koean's asylum application was untimely and rejected his claims for relief on all three grounds on the merits. On Koean's appeal the BIA affirmed the IJ's determination that the asylum application was untimely as he filed it beyond the one-year period allowed for such applications following an alien's entry into this country. *See* 8 U.S.C. § 1158(a)(2)(B). The BIA also upheld the IJ's findings rejecting Koean's claims on the merits. According to the Attorney General's answering brief in this court, Koean did not raise his CAT claim before the BIA, and we note that Koean has not

filed a reply brief contending otherwise. The BIA had jurisdiction under 8 U.S.C. § 1103 and 8 C.F.R. §§ 1003.1(b)(3) and (9) and we have jurisdiction under 8 U.S.C. §§ 1252(b)(2) and (d).

 We reject Koean's petition because he has not preserved for review two issues he initially raised before the IJ, and, in any event, all of his claims, preserved or not, are unmeritorious. To start with Koean did not preserve the CAT claim because, as the Attorney General indicates, he did not raise it before the BIA. *See Drozd v. INS,* 155 F.3d 81, 91 (2d Cir. 1998). Koean also has waived his asylum claim because at no point in his brief does he address the IJ's finding, affirmed by the BIA, that the application for asylum was untimely. *See Emerson v. Thiel College,* 296 F.3d 184, 190 n. 5 (3d Cir.2002). Indeed, he hardly mentions his asylum claim in his brief. Thus, we cannot review Koean's CAT and asylum claims. Accordingly, we only can review the rejection of his withholding of removal claim on the merits, though our decision on that claim demonstrates that all of his claims are unmeritorious.

Under 8 U.S.C. § 1231(b)(3) a petitioner is entitled to a grant of withholding of removal if it is more likely than not that his "life or freedom would be threatened [if removed to a designated] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." A petitioner is assisted in showing that he is entitled to withholding of removal by a regulation providing that if he establishes that he has suffered persecution on account of one of these grounds, "it shall be presumed that [his] life or freedom would be threatened in the future in the country of removal on the basis of the original claim." 8 C.F.R. § 1208.16(b)(1). Furthermore, even in the absence of past persecution, a petitioner will be eligible for withholding of removal if he establishes that "it is more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to [the] country [of removal]." 8 C.F.R. § 1208.16(b)(2).

In this case both the IJ and the BIA rejected Koean's application for withholding of removal, the BIA doing so by "adopt[ing] and affirm[ing] the decision" of the IJ. App. at 2. In these circumstances we review the decisions of both the IJ and BIA which we will uphold if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Guo v. Ashcroft,* 386 F.3d 556, 561 (3d Cir.2004).

In setting forth this well-established standard of review we reject Koean's statement in his summary of his argument which seems initially to have reversed the appropriate placement of the burden of proof. We reach this conclusion because he indicates that "[s]ubstantial evidence in the record supports a contrary finding [to that of the IJ and BIA] that [his] claim for withholding of removal and protection under the CAT meets the burden of proof required that he is more likely than not to be harmed on account for his ethnic origin and religious background, if he was forced to return to Indonesia." Petitioner's br. at 7–8. Nevertheless, Koean then goes on to state that "the decision of the [IJ], affirmed by the [BIA], was not supported by reasonable, substantial and probative evidence," *id.* at 8, a statement that recognizes the correct allocation of the burden of proof in these proceedings. These two observations suggest that Koean may believe that substantial evidence can point to only one result but this is not correct as it is entirely possible that substantial evidence can support either result and, if so,

we would uphold the findings of the IJ and BIA regardless of which side the findings favor unless some error of law precludes us from doing so.

■ As we have indicated we find that the petition for review is clearly without merit. In fact, rather than having been persecuted while in Indonesia, Koean merely had been subjected to some isolated incidents of harassment. Moreover, though his wife has come to this country and, according to the IJ, is remaining here illegally, he has other family members who have been living in Indonesia without problems since he left in 1999 and some run businesses there.

Koean's testimony as to why he came to the United States is quite revealing. After explaining at the hearing that he quit his accounting job with an Indonesian company, he said that he did not look for another position in Indonesia and that "[a]s a matter of fact, it was my wife who insisted me to come to America for a better condition." App. at 80. He then was asked this following question: "So you and your wife talked about it and she suggested that you come to the United States to improve yourselves economically?" *Id.* His answer to the question was "yes" and it sums up this case. In fact, rather than being a persecution case this is an economic improvement case not justifying the grant of relief.

The petition for review of the order of the BIA entered on June 30, 2006, will be denied.