In re: Victor **MONDELLI**, Appellant.

No. 08–3905.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) on May 22, 2009.

Opinion Filed: Oct. 20, 2009.

Kenneth J. Rosellini, Esq., Hallock &
Cammarota, Wayne, NJ, for Appellant.

Before: FUENTES, JORDAN, and
NYGAARD, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge:

Debtor–Appellant Victor Mondelli appeals the decision of the District Court to affirm two orders entered by the Bankruptcy Court: one that enforced a mortgage and lease specifically agreed to by Mondelli; and another that denied a subsequent motion for reconsideration. For the reasons that follow, we will affirm the District Court's order dismissing Mondelli's appeal from the Bankruptcy Court.

I.

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of this case.

In May 2007, the Bankruptcy Court approved a plan whereby Mondelli would satisfy a significant portion of his outstanding debts by mortgaging property he owned in Berkeley Heights, New Jersey. Mondelli obtained the loan from Jack Silverman Realty & Mortgage Co. ("JSRM") and used the loan proceeds to pay his creditors. Atypically, the mortgage agreement with JSRM was accompanied by a ninety-nine year ground lease to another company, Berkeley Realty Partners ("BRP"). The lease expressly states that the lease's existence was a condition precedent to JSRM's grant of the mortgage— JSRM and BRP share some overlapping ownership interests, and the mortgage from JSRM and the lease to BRP were clearly part of a package deal.

The lease to BRP contains several provisions relevant to this appeal. First, the lease gives BRP a right of first refusal if and when Mondelli decides to sell the property. Second, the lease contains a "subordination" provision, which requires Mondelli to subordinate his interest in the property to any subsequent mortgage entered into by BRP for the purpose of "construction and permanent financing" of the lease. Third, pursuant to the lease, BRP is required to pay property taxes and purchase insurance for the property.

The present dispute arose when BRP attempted to obtain a mortgage on the property, invoking the provision of the lease requiring Mondelli to subordinate his interest. Mondelli objected and refused to execute the necessary paperwork. BRP and JSRM then filed a motion with the Bankruptcy Court to enforce the relevant lease provisions consented to by Mondelli. During the hearing on the motion, Mondelli noted that BRP had fallen behind on its property tax obligations, thus endangering Mondelli's interest in the land. Over Mondelli's objections, the Bankruptcy Court granted the motion, noting that Mondelli had agreed to the subordination and characterized Mondelli's resistance as something akin to buyer's remorse.

Shortly thereafter, Mondelli filed a motion for reconsideration of the decision enforcing the lease provisions. In this motion, Mondelli supplemented his claim about the unpaid taxes by arguing that (1) BRP's right of first refusal constituted a clog on Mondelli's equitable right of redemption; (2) BRP could not request subordination without evidence that the mortgage was for development of the property; (3) BRP had breached the lease by sub-

leasing a portion of the property; and (4) the Bankruptcy Judge should have recused himself for bias. The Bankruptcy Court rejected all of these arguments and dismissed the motion for reconsideration.[1] Mondelli then appealed to the District Court, presenting the same arguments he raised in his earlier submissions. The District Court affirmed, agreeing with the Bankruptcy Court on the merits of Mondelli's appeal, but also noting that Mondelli had defaulted on his obligation under the Federal Rules of Bankruptcy Procedure to provide the District Court with a complete appellate record.

II.

Pursuant to Federal Rule of Bankruptcy Procedure 8006, "[w]ithin 10 days after filing [a] notice of appeal ..., [an] appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bank. Proc. 8006. As noted by the District Court, Mondelli filed his notice of appeal on February 4, 2008, but did not file his designation of the items to be included in the record until April 2, 2008, well past the ten-day filing limit. Such a violation may constitute a basis for dismissal of the appeal. See Fed. R. Bank. Proc. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."). Before dismissing Mondelli's appeal for this procedural violation, however, the Dis-

---

1. As noted by the District Court, the Bankruptcy Court did not clearly address Mondelli's second argument—that subordination was dependent on evidence of development—perhaps because it did not understand Mondelli to be actually arguing that point. Regardless, the District Court did address the issue in its Opinion, and we will review that determination for abuse of discretion.

trict Court appropriately analyzed Mondelli's violation in reference to the factors laid out in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.1984).

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. The District Court addressed each factor and found, in the aggregate, that dismissal for failure to meet the requirements of Rule 8006 was warranted.

We have reviewed the District Court's application of the *Poulis* factors, and we see no abuse of discretion. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir.2002) (noting standard of review). In terms of the merits of Mondelli's arguments, we affirm for the thorough and persuasive reasons noted in the District Court's opinion. In particular, we echo the District Court's analysis of the alleged clogs to Mondelli's equitable right of redemption—a contention that Mondelli prioritizes in his briefing. We do not see how BRP's right of first refusal in the event that Mondelli chooses to sell the property in any way compares to the sort of unconditional right to purchase held by the mortgagee in *Humble Oil & Refining Co. v. Doerr*, 123 N.J.Super. 530, 303 A.2d 898 (N.J.Super.Ct. Ch. Div.1973). Quite simply, BRP's right to repurchase would not affect Mondelli's ability to redeem his mortgage—it would only affect his efforts to sell the property to a third party. And, as noted by the District Court, even if the right of first refusal did clog the equitable right of redemption, the remedy would be to render the provision unenforceable, not to invalidate the entire

lease. *Id.* at 565, 303 A.2d 898. We also reject the argument that the mere presence of the subordination clause somehow clogs the equitable right of redemption. While the subordination clause might affect Mondelli's ability to obtain other financing at a favorable rate, the clause does not in any way prevent him from actually redeeming his mortgage, and thus cannot be considered a clog to that essential right.

In regard to the non-merits factors, we see no clear error in the District Court's factual determination that Mondelli was not personally responsible for the procedural violation; that BRP was somewhat prejudiced by the delay; that Mondelli has a history of dilatoriness; and that alternate sanctions, such as financial penalties, would be ineffective given Mondelli's bankruptcy. Accordingly, we agree with the District Court's analysis and balancing of the *Poulis* factors, and will affirm its dismissal of Mondelli's appeal.