**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1906
_____

MICHAEL J. RUDDY;
CHERILYNN RUDDY,

Appellants

v.

US POSTAL SERVICE; LINDA SHALL; BRIAN TUCKER;
CHRISTOPHER PUGLIESE; LISA BANSA; DIANE PASSERILLI;
RICK DICKSON; HOLLY SHOPE; UNITED STATES OF AMERICA;
JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(No. 09-cv-1984)
District Judge:  Honorable A. Richard Caputo

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2011

Before:  FUENTES and CHAGARES, Circuit Judges and POGUE, Judge.[1]

(Filed:  December 23, 2011 )
_____

OPINION
_____

---

[1] Honorable Donald C. Pogue, Chief Judge, United States Court of International Trade, sitting by designation.

CHAGARES, Circuit Judge.

Michael Ruddy appeals the District Court's Order adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation ("R&R"), which, inter alia, dismissed in its entirety Ruddy's complaint against the United States Postal Service, the Postmaster General, the United States and several postal employees (collectively "USPS"). For the reasons that follow, we will affirm the District Court's Order.

## I.

We write for the parties' benefit and recite only the facts essential to our disposition. Ruddy was born in 1955 and was an employee at the USPS in Scranton, Pennsylvania. Appendix ("App.") 116. Combined with his military service, he accrued 34 years of service and was second in seniority at the USPS-Scranton. App. 116.

Ruddy alleged generally that he was treated differently than younger/non-disabled employees. App. 117. He alleged that starting in November 2006, appellee Dickson, his supervisor, insisted he sort mail faster and leave the office faster than younger employees. He further alleged that on three occasions Dickson threatened to walk with Ruddy the entire day and suggested Ruddy "bid out of [Dickson's] unit." App. 118-20. When appellee Passerilli became his supervisor, Ruddy alleges generally that she "treated [him] differently than younger individuals and with less seniority" and insisted that he perform "undertime"[2] work before going to younger employees with less seniority. App. 120-21. Ruddy alleged that he sought medical care in November 2006 and his doctor

_____

[2] Ruddy's brief defines undertime as requiring him "to deliver additional mail on another mail carrier's route without getting paid." Ruddy Br. xiii.

was monitoring his workplace stress and anxiety and had prescribed medication.  App. 120, 122.

Ruddy alleges that on March 18, 2009, Passerilli was talking on the phone and looking directly at him, which he alleges was a form of harassment.  App. 122.  Ruddy alleges Passerilli then told him that he would have to work undertime on a job for one hour.  App. 122.  He replied that he could not work undertime and requested to speak with a union steward.  App. 122.  After a meeting with Passarelli and several other supervisors, Ruddy alleges he started getting chest pains, feeling panic and was having trouble breathing.  App. 123.  He called his wife, who called his doctor.  App. 123-24.  The doctor directed Ruddy to go to the hospital.  App. 127.  Ruddy alleges on that day he requested a union steward from Passarelli three times.  App. 128.

On June 29, 2009, Ruddy filed a claim with the Occupational Workers' Compensation Program ("OWCP").  App. 128.  Ruddy received a letter from the United States Department of Labor on July 16, 2009 that required him to respond to allegedly false statements by appellees Shope and Pugliese that Ruddy had been treated for alcohol abuse and smelled of alcohol.  App. 129-30.

Ruddy filed his complaint on October 13, 2009 and the USPS filed a motion to dismiss and for summary judgment in response.  App. 57-58.  Ruddy filed an amended complaint on March 10, 2010 and the USPS filed another motion to dismiss and for summary judgment.  App. 58-59.  The District Court referred the motion to the Magistrate Judge who issued an R&R, which granted in part and denied in part the USPS's motion to dismiss, allowing only Ruddy's First Amendment retaliation and

3

constructive discharge claims to survive dismissal. App. 62. The District Judge adopted in part and rejected in part the R&R and dismissed Ruddy's complaint in its entirety. App. 63.

## II.

The District Court had jurisdiction pursuant 28 U.S.C. § 1331, except that it held that it did not have jurisdiction over Ruddy's tort claims because he failed to exhaust them in a timely fashion.[3] App. 53. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## III.

Ruddy first contends the District Court erred by denying his Federal Rule of Civil Procedure 56(f) motion for continuance, arguing that discovery was necessary to support his claims and to respond to the USPS's motion for summary judgment.[4] Our review of "questions concerning the scope or opportunity for discovery is for abuse of discretion."

---

[3] Ruddy did not address the dismissal of his tort claims in his brief and, thus, has waived the issue on appeal. Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000). In addition, Ruddy's wife did not challenge the dismissal of her claim for loss of consortium, so we address only Ruddy's claims.

[4] USPS notes in its brief that Ruddy did not reference the District Court's order, document number 39 on the docket, denying his request for a continuance, in his notice of appeal. App. 1. This Court has held that "we can exercise jurisdiction over orders not specified in the Notice of Appeal if: '(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues.'" Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) (quoting Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir.1998)). In this case, we will exercise jurisdiction over the order not specified in Ruddy's Notice of Appeal because there is a connection between the orders appealed and the unspecified order, Ruddy's intention to appeal the unspecified order is apparent and USPS is not prejudiced and, in fact, correctly notes in its brief that this Court has jurisdiction.

Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000). Ruddy also contends that we should strike the USPS's supplemental appendix.

After Ruddy filed his amended complaint, the USPS filed a motion to dismiss and for summary judgment. App. 59. The District Judge denied Ruddy's motion to continue consideration of the USPS's motion until discovery was completed and held that it would address only the USPS's motion to dismiss and not its arguments for summary judgment. App. 60-61. Ruddy argues that the Magistrate Judge to whom the motions were referred then addressed issues of summary judgment in his R&R; however, the Magistrate Judge stated specifically that he was considering only the motion to dismiss and the R&R only addressed the motion to dismiss. App. 6 n. 1. Ruddy does not specify what issues for summary judgment he contends the Magistrate Judge addressed in his R&R. Ruddy Br. 2-3. Further, Ruddy contradicts himself in his motion to strike the USPS's supplemental appendix by arguing that the supplemental appendix contains the exhibits to the USPS's summary judgment motion and that the Magistrate Judge and District Court did not rely on them, so they should not be part of the record before this Court.

The USPS argues that the Magistrate Judge and District Court relied on elements of Ruddy's EEOC file — contained in the supplemental appendix — in finding he failed to exhaust administrative remedies. Specifically, the USPS notes that the Magistrate Judge relied on the EEOC file to determine the date Ruddy sought EEOC counseling, August 3, 2009, App. 20, and the District Court found that Ruddy failed to file a formal EEOC complaint for his constructive discharge and disability discrimination claims, App. 49.

5

In deciding a motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993)). "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. 998 F.2d at 1196. A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)). The Magistrate Judge and District Court properly relied on Ruddy's EEOC file, which Ruddy referenced in his complaint and which is integral to his claim and the District Court did not abuse its discretion in denying Ruddy's motion for continuance.[5]

---

[5] Ruddy does not address the District Court's finding that he failed to exhaust his administrative remedies for his disability and constructive discharge claims and has waived the issue on appeal. Ghana, 226 F.3d at 180. Ruddy appeals the District Court's dismissal of his disability discrimination and constructive discharge claims for failure to state a claim. Because the District Court properly held that Ruddy failed to exhaust his disability and constructive discharge claims, App. 48-49, and Ruddy does not contest that holding on appeal, we do not reach the issue of whether Ruddy stated a claim for disability discrimination or constructive discharge.

For the foregoing reasons, we will affirm the District Court's denial of a continuance for discovery and we will deny Ruddy's motion to strike the USPS's supplemental appendix.

IV.

Ruddy next argues that the District Court erred in denying his request for leave to amend his complaint. Notably, his request was set forth in his supporting brief to his objections to the Magistrate Judge's R&R and Ruddy failed to submit a proposed amended complaint, as required by the local rules. We review the District Court's denial of Ruddy's request for leave to amend his complaint for abuse of discretion. Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). We hold the District Court did not abuse its discretion by denying Ruddy's request to file an amended complaint, because, even though the R&R recommended the claims be dismissed without prejudice, Ruddy's failure to file a motion for leave to amend or an amended complaint meant the District Court "had nothing upon which to exercise its discretion." Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 161 (3d Cir. 2002); see also Lake, 232 F.3d at 374 ("We conclude that the Lakes' failure to provide a draft amended complaint would be an adequate basis on which the court could deny the plaintiff's request.").

V.

Ruddy contests the District Court's dismissal of his age discrimination claim for failure to state a claim.[6] The Postmaster conceded that Ruddy timely exhausted his administrative remedies for his age discrimination claim. USPS Br. 12; App. 158-63. Our review of the District Court's dismissal of claims under Federal Rule of Civil 12(b)(6) is plenary. Emerson v. Thiel College, 296 F.3d 184, 188 (3d Cir. 2002).

The District Court found that Ruddy failed to state a prima facie case of age discrimination because he failed to plead that he was replaced by "'a sufficiently younger person to create an inference of age discrimination.'" Tomasso v. Boeing Co., 445 F.3d 702, 706 n. 4 (3d Cir. 2006) (quoting Fakete v. Aetna, Inc., 308 F.3d 335, 338 (3d Cir. 2002)); see also Anderson v. Consol. Rail Corp., 297 F.3d 242, 249 (3d Cir. 2002). Ruddy made only general allegations that he was treated differently than younger employees, App. 117-18, and alleged that "[o]n one occasion, Defendant Dickson let a younger carrier who was replacing [Ruddy] on his day off leave the office much later than [Ruddy]." App. 119. The District Court correctly found that Ruddy did not allege facts that he was replaced by a "sufficiently younger" individual to raise an inference of discrimination based on age, so we will affirm the District Court's dismissal of Ruddy's age discrimination claims.

VI.

Ruddy also contests the District Court's dismissal of his hostile work environment claims based on age and disability. Again, our review of the District Court's dismissal of

---

[6] Ruddy does not contest that only the Postmaster General in his official capacity is an appropriate defendant in an employment discrimination claim brought by a USPS employee. App. 17-18.

8

claims under Federal Rule of Civil Procedure 12(b)(6) is plenary. Emerson, 296 F.3d at 188.

The District Court correctly found that Ruddy failed to state a claim for a hostile work environment because the conduct alleged was not "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (quoting Henson v. Dundee, 682 F.2d 897, 904 (11th Cir. 1982)). The District Court correctly noted that Ruddy's allegations that he was told to work faster and leave the office earlier simply do not amount to a hostile work environment. We will therefore affirm dismissal of Ruddy's hostile work environment claims.

VII.

Ruddy contests the District Court's dismissal of his First Amendment retaliation claim as precluded under the Civil Service Reform Act of 1978 ("CSRA"). Although he originally alleged his First Amendment retaliation claim under 42 U.S.C. § 1981 and § 1983, Ruddy argued in District Court and before us that he is raising his claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Our review of the District Court's dismissal of this claim for failure to state a claim upon which relief can be granted is plenary. Spence v. Straw, 54 F.3d 196, 198 (3d Cir. 1995). The District Court found that Ruddy was precluded from raising his First

Amendment retaliation claim through <u>Bivens</u> because the CSRA provides the exclusive avenue for damages claims for employees under its protection.[7]

The Supreme Court in <u>Bush v. Lucas</u> held that for federal employees who contend their First Amendment rights were violated by their supervisors, where claims "arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, . . . it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy." 462 U.S. 367, 368, 390 (1983); <u>see also</u> <u>Mitchum v. Hurt</u>, 73 F.3d 30, 35 (3d Cir. 1995) ("It is true that <u>Bush</u> found that the history and structure of the CSRA spoke with sufficient clarity to preclude the creation of a new <u>Bivens</u> claim.").

As Ruddy's First Amendment retaliation claim arises from the context of his federal employment, the CSRA is his sole remedy and we hold that the District Court lacked subject matter jurisdiction to hear that claim. <u>Sarullo v. U.S. Postal Serv.</u>, 352 F.3d 789, 795-97 (3d Cir. 2003).[8]

---

[7] Ruddy also alleged in his amended complaint violations of his right to equal protection for treating Ruddy differently than younger and non-disabled employees and of his right to procedural due process for failing to allow Ruddy to speak to a union steward, failing to process Ruddy's grievances and interfering with his OWCP claim. App. 136-37. The District Court correctly dismissed Ruddy's claims for equal protection and due process because the Rehabilitation Act and ADEA are the exclusive means for asserting these claims that arise from Ruddy's federal employment. <u>See</u> <u>Davis v. Passman</u>, 442 U.S. 228, 247 (1978); <u>Purtill v. Harris</u>, 658 F.2d 134, 137 (3d Cir. 1981) (ADEA); <u>Spence</u>, 54 F.3d at 202-03 (Rehabilitation Act). We will affirm the District Court's dismissal of Ruddy's equal protection and due process claims.

[8] Ruddy argues that he was a public employee speaking about a matter of public concern under <u>Holder v. Allentown</u>, 987 F.2d 188, 194-96 (3d Cir. 1993); however, he failed to allege any facts in his amended complaint that would support a finding that his speech was a matter of public concern.

10

XI.

Because none of the grounds for appeal that Ruddy raises are meritorious, we will affirm the order of the District Court in its entirety.