**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3260
_____

JIRI PIK,

Appellant

v.

UNIVERSITY OF PENNSYLVANIA; JOHN AND JANE DOES 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-05164)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2011
Before:  CHAGARES, VANASKIE and STAPLETON, Circuit Judges

(Opinion filed: January 10, 2012)
_____

OPINION
_____

PER CURIAM

In November 2008, Jiri Pik filed suit against the University of Pennsylvania

("Penn") and other unnamed defendants relating to his experiences as a doctoral

candidate in Economics in the academic year beginning in Fall 2003 (including a conflict

with one of his professors), his subsequent medical leave from his studies, and the

school's ultimate decision not to readmit him to his academic program. Pik brought claims that he described as breach of contract/negligence, fraudulent misrepresentation, a Health Insurance Portability and Accountability Act ("HIPAA") violation, civil rights violations, and general constitutional law violations.

Penn filed a motion to dismiss all of the counts of the complaint except certain breach of contract claims. The District Court stayed the case for months to accommodate Pik, who advised the District Court (through an e-mail to Penn's counsel) that he was unable to respond to the motion because he was a "political prisoner . . . imprisoned in a psychiatric hospital [in London]." On Pik's request, the case was stayed again on his discharge from the psychiatric hospital. The District Court granted Pik additional extensions of time to respond to the motion to dismiss on Pik's claims that he was busy moving out of the United Kingdom and (later) busy settling into his new home in Switzerland. After Pik responded to the motion, the District Court dismissed all claims but some of the contract claims and a claim that appeared to be a defamation claim. Shortly thereafter, in October 2010, Penn filed its answer and affirmative defenses to the complaint.

The District Court held a telephone conference with the parties in December 2010. As a result of the conference, during which Pik described how he wanted to amend his complaint, the District Court set a deadline of January 3, 2011, for Pik to file a motion to amend (the District Court also discussed Pik's availability for his deposition). On

January 4, 2011, on Pik's request for an extension of time, the District Court set back the deadline for filing a motion to amend to January 21, 2011.

No motion was forthcoming, and the District Court held another telephone conference with the parties on February 16, 2011. The District Court discussed with Pik the process by which he could ask for leave to amend his complaint (telling him that he could file the motion when he was ready but warning him that the timing of his motion would be a consideration). The District Court also discussed (and subsequently entered orders on) Pik's requests for the production of documents with counsel for Penn, Penn's document requests from Pik, and Pik's claims that he was too busy to be deposed until the summertime (and his allusion to a security problem with him being deposed in the United States). The District Court told Pik that he could present reasons in writing why he could not be deposed sooner, but the District Court also warned him that if he did not comply with court orders, he would face sanctions. The District Court also addressed Penn's counsel's concern that Pik was directly contacting a former Penn employee or current co-workers of that employee in a manner that bordered on harassment.

In April 2011, Penn filed a motion for sanctions and a protective order. Specifically, Penn requested that Pik's case be dismissed with prejudice as a sanction under Rule 37 of the Federal Rules of Civil Procedure for Pik's failure to answer interrogatories, his refusal to sign authorizations for work and psychiatric records, and his refusal to make himself available for a deposition in Philadelphia (and his violation of the court orders related to these matters). Penn also asked the District Court to quash the

written questions that Pik served on Penn on April 5, 2011, as vexatious (noting that he sought to question not only 18 individuals, who were mostly Penn faculty or employees, but also the "entire graduating class of 2003" and "victims of [the professor with whom he had a conflict]'s sexual appetite" about wide-ranging matters, including inappropriate topics).

Also in April 2005, Pik sent an amended complaint to the District Court via e-mail, putting forth allegations under a breach of contract heading that were similar to those in his first complaint, although he placed greater emphasis on purported sexual advances and drug use by the Economics professor with whom he had a conflict. Pik also filed a motion requesting that the District Court Judge recuse, which the District Court denied. In May, after being ordered to respond to the sanctions motion, Pik filed a document in which he explained that he could not enter the United States for a deposition because his life could be in danger (explaining, among other things, that "[t]he US foreign policy has a policy of abducting anyone who does not believe in the moral justification of the US world rule"). In otherwise opposing the motion for sanctions, he also repeated his arguments that Penn's document requests were overly burdensome (a contention that the District Court had already considered and rejected in the second telephone conference) and presented his concern that documents he turned over would be disclosed to various governments.

The District Court granted Penn's motion for sanctions and dismissed Pik's case (the District Court also denied the motion for a protective order as moot). Recognizing

4

that dismissal is a harsh sanction, the District Court came to its conclusion after reviewing the history of the case and weighing the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). Pik submitted a letter in which he requested reconsideration, which the District Court denied, and filed a notice of appeal. Pik also presents a motion for mediation.

We have jurisdiction over Pik's appeal pursuant to 28 U.S.C. § 1291. We review a dismissal as a sanction under Rule 37 through the lens of the Poulis factors, asking also whether the District Court should have considered a less severe sanction. See In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993). Specifically, we consider whether the District Court abused its discretion in balancing "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis). On consideration of these factors, we will affirm the District Court's decision to dismiss the case.

Pik proceeded pro se, so the responsibility for prosecuting his case falls on him. See Emerson, 296 F.3d at 190. Penn suffered prejudice due to the delays in the proceedings, as well as Pik's failure to comply with discovery requests and related court orders. Pik violated the District Court's order directing him to answer interrogatories,

5

provide documents, and sign authorizations. He has not provided any documents at all. He also has refused to submit to a deposition. In these ways, he has prejudiced Penn by impeding efforts to prepare for trial. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).

Also, as the District Court explained, Pik has a history of dilatoriness in this litigation. He has disregarded deadlines the District Court set, including deadlines to file a motion to amend his complaint and to respond to discovery requests. The District Court pointed to evidence that Pik's conduct was willful. For instance, after the District Court ordered Pik to submit to a deposition, Pik wrote a letter in which he stated: "There won't be any depositions in the USA for the time being. If needed, we will appeal up to the Supreme Court." He also explained in another letter that he would not provide the authorizations that he had been ordered to provide.

The District Court also explicitly considered whether lesser sanctions would be appropriate. Monetary sanctions would not have been an effective alternative because Pik was proceeding *in forma pauperis*. See Emerson, 296 F.3d at 191. Also, as the District Court noted, precluding Pik from presenting some evidence would not be an effective remedy where Penn had been severely prevented from engaging in discovery. Also, an earlier warning that sanctions would be imposed did not change Pik's course of conduct.

The District Court also concluded that Pik's complaint lacked merit, a contention that Pik strongly disputes in his brief. Regardless of whether any of Pik's allegations

6

could be deemed meritorious, it cannot be said that the District Court abused its

discretion in concluding that on balance, dismissal was warranted given the presence of

other factors weighing in favor of dismissal in this case.  See Curtis T. Bedwell & Sons,

Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all Poulis

factors must weigh in favor of dismissal).

For these reasons, we will affirm the District Court's decision to dismiss Pik's

suit.[1]  We deny Pik's motion for mediation.

---

[1] We also reject as completely without basis Pik's claims that the District Court Judge is "biased beyond imagination" and that her rulings "are outside her jurisdiction."