**ALD-051 & ALD-052**                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

**No. 12-3605**
_____

SOLLOG IMMANUEL ADONAI-ADONI, Appellant

v.

LEON KING, II, ESQ.COMMISSIONER P.P.S;
MAJOR OSEI BUTLER;C.O TABITA; PHILADELPHIA PRISON SYSTEM;
CITY OF PHILADELPHIA; LYNNE ABRAHAM, District Attorney City
of Philadelphia; PHILADELPHIA DISTRICT ATTORNEY; PRISON HEALTH
SERVICES; DR. CAULK, Individually and in their official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-cv-03689)
District Judge:  Honorable Mary L. Cooper
_____
_____

**No. 12-3606**
_____

SOLLOG IMMANUEL ADONAI-ADONI, Appellant

v.

CITY OF PHILADELPHIA; PRISON HEALTH SERVICES;
DR. CAULK; PHILADELPHIA PRISON SYSTEM; LEON KING, II, ESQ.
COMMISSIONER PPS; MAJOR OSIE BUTLER; CLYDE GAINEY, WARDEN;
P. HOWARD, LT.,; ARAMARK INC; JOSEPH NEUBAUER, CEO ARAMARK;
PHYLLIS TAYLOR; Chaplain, Individually and in their official capacities
_____

1

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-cv-05484)
District Judge: Honorable Mary L. Cooper
_____

Submitted for Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
November 29, 2012
Before: SLOVITER, VANASKIE and WEIS, Circuit Judges

(Opinion filed: December 12, 2012)
_____

OPINION
_____

PER CURIAM.

In 2007, Sollog Immanuel Adonai-Adoni, a Pennsylvania state inmate, commenced two pro se actions pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania, naming as defendants the Philadelphia Prison System Commissioner, the City of Philadelphia, the District Attorney of Philadelphia, and Prison Health Services, among others. Adonai-Adoni's first complaint alleged that on September 6, 2005, he was beaten by corrections officers and thereafter subjected to various forms of retaliation in violation of his First Amendment rights. His second complaint alleged cruel and unusual punishment under the Eighth Amendment, pursuant to his assertion that prison officials denied his request for kosher meals.

In 2009, the District Court dismissed various defendants and claims, and denied Adonai-Adoni's motions for summary judgment in both actions. By that time, Adonai-

2

Adoni had been released from custody and had relocated to Florida. Thereafter, the dockets in both of his cases remained inactive for well over a year. On May 20, 2011, the District Court entered notices pursuant to Local Civil Rule 41.1(a), advising Adonai-Adoni that his actions would be dismissed unless he submitted a written application within 30 days and good cause was shown. On June 16, 2011, Adonai-Adoni timely provided the required written application, which included his updated contact information in Florida and an explanation of why his cases should remain active.[1]

In January 2012, District Judge Mary Little Cooper, sitting by designation, referred both actions to Magistrate Judge Elizabeth Hey for final disposition of all pretrial matters. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). On February 6, 2012, Magistrate Judge Hey entered orders in both actions directing the parties to submit by February 21, 2012, a brief status report on the current status of discovery, settlement discussions, and any other matter relevant to settlement of the cases, and also scheduling a teleconference for February 27, 2012. According to Magistrate Judge Hey's June 6, 2012, Report and Recommendation, at least some of the defendants provided the requested status update and participated in the teleconference, but Adonai-Adoni did not. According to Magistrate Judge Hey, Adonai-Adoni "did not communicate with the court in any way," and numerous attempts by her staff to contact him at the Florida telephone number he previously provided "resulted in either no answer, an invitation to leave a

---

[1] Adonai-Adoni explained that he had numerous health issues over the past year and that he was also "still in the process of obtaining 3rd Party discovery and documents."

voicemail message for which no response was ever received, or hang-ups" after Adonai-Adoni was asked for by name.

On February 29, 2012, Magistrate Judge Hey issued orders in both cases directing the parties to submit proposed discovery schedules by March 13, 2012, and instructing Adonai-Adoni to confirm his contact information with the Court. The orders further provided that if the parties failed to comply with the Court's instructions, Magistrate Judge Hey would issue Rules to Show Cause why she should not recommend that both actions be dismissed. According to her eventual Report and Recommendation, "[o]nce again, Plaintiff did not comply with the order[s] and did not communicate with the court in any way." On March 22, 2012, Magistrate Judge Hey issued Rules to Show Cause notifying Adonai-Adoni that she would recommend dismissing both of his actions unless he provided written application by April 21, 2012, and good cause was shown. According to Magistrate Judge Hey, Adonai-Adoni "failed to respond to the order[s] in any way, and further attempts to reach him by telephone" proved unavailing.

On June 6, 2012, Magistrate Judge Hey issued a Report and Recommendation that recommended dismissing both of Adonai-Adoni's actions for failure to prosecute, relying on Federal Rule of Civil Procedure 41(b) and the six-factor test set forth by this Court in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). On June 26, 2012, Adonai-Adoni filed objections to the Report, asserting that he never received the multiple orders it referenced, that the District Court failed to correctly address its mailings to him as "Sollog Immanuel Adonai-Adoni a.k.a. J. Ennis" instead of "Sollog

4

Immanuel Adonai-Adoni," that he does not typically answer his telephone due to a serious heart condition, and expressing his concern that the District Court was conspiring with the defendants to deny him due process. Adonai-Adoni also filed a motion to recuse Magistrate Judge Hey, a motion to order the Clerk to correct his address information, and a motion to compel unspecified discovery information from the defendants.

On August 13, 2012, District Judge Cooper entered orders in both cases adopting the Report and Recommendation and dismissing both of Adonai-Adoni's complaints for failure to prosecute.[2] In an accompanying opinion, Judge Cooper found that dismissal was appropriate because Adonai-Adoni "failed to make reasonable efforts to monitor the docket" in his cases, observing that he apparently failed to monitor the docket for a period of between 5 and 6 months, between January 2012 and June 2012. Judge Cooper further noted that Adonai-Adoni is a frequent filer in federal court, having commenced at least sixteen federal actions in the Eastern District of Pennsylvania since 1996, and is familiar with the electronic docketing system employed by the District Court. Judge Cooper therefore rejected his contention that he was unaware of the activity in his cases due to a conspiracy between the District Court and the defendants, or due to the Court's failure to address its mailings to "Sollog Immanuel Adonai-Adoni a.k.a. J. Ennis." On September 11, 2012, Adonai-Adoni filed a timely notice of appeal in both actions.

---

[2] The orders further denied Adonai-Adoni's motions to recuse Magistrate Judge Hey, his motions to compel discovery, and his motions to correct his address information.

5

We have jurisdiction to hear these appeals. See 28 U.S.C. § 1291. We review dismissals under Federal Rule of Civil Procedure 41(b) for an abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). To determine if the District Court abused its discretion in dismissing Adonai-Adoni's cases, "we will be guided by the manner in which the trial court balanced the following factors . . . and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868 (emphasis in original). Not all of these factors must be satisfied in order to justify dismissal, and no single factor is determinative. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). We recognize, however, that dismissal under Rule 41(b) is appropriate only in limited circumstances and that doubts should be resolved in favor of reaching a decision on the merits. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002).

The District Court did not abuse its discretion in concluding that Adonai-Adoni's failure to pursue these cases with diligence or respond to the Court's repeated orders warrants dismissal pursuant to the factors articulated in Poulis. Under the first and third factors, which focus on the extent of Adonai-Adoni's personal responsibility and whether he exhibited a history of dilatoriness, we note that as a pro se litigant he is "solely

6

responsible for the progress of his case." Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008). Adonai-Adoni repeatedly failed to monitor the dockets in his cases, respond to orders issued by Magistrate Judge Hey, take phone calls from Court staff, or return voicemail messages for a period of several months. This most recent period of dilatoriness followed another period of more than a year during which Adonai-Adoni took no action to prosecute either of cases and the dockets remained stagnant. These circumstances also support a finding that the second Poulis factor, which focuses on prejudice to the opposing party, weighs in favor of dismissal. While Adonai-Adoni remained unresponsive, the defendants complied with Court orders and participated in status conferences, but without his participation were unable to effectively prepare their case. See Ware v. Rodale Press Inc., 322 F.3d 218, 222 (3d Cir. 2003) (finding second Poulis factor where plaintiff's unresponsiveness impeded opposing party's "ability to prepare effectively a full and complete trial strategy").

We also agree that the fifth Poulis factor, which focuses on the effectiveness of alternative sanctions, also weighs in favor of dismissal. Because Adonai-Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction. We agree with the District Court that other conceivable non-monetary sanctions, including warnings and formal reprimands, see Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 749 n.6 (3d Cir. 1982), were attempted and proved unavailing in these cases. The remaining Poulis factors, which focus on whether Adonai-Adoni's actions were willful or in bad faith (a question the District Court did not make

7

definitive findings about) and whether his underlying claims are meritorious, are neutral or do not weigh as strongly in favor of dismissal. We find that the District Court's balancing these factors with the other four factors was reasonable.

Under these circumstances, we cannot say that the District Court abused its discretion in dismissing Adonai-Adoni's complaints for failure to prosecute. Therefore, we will summarily affirm the judgments of the District Court.